IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JERRY RICHTER<br><br>**Plaintiff**,<br><br>v.<br><br>CLEAN OCEAN INITIATIVE, INC.; COPPERLINE CAPITAL PARTNERS, LLC; AUTORIDAD DEL PUERTO DE PONCE; INSURANCE COMPANIES A, B and C; JOHN AND JANE DOE; CORPORATIONS X, Y, and Z *in personam* and the barge CHICKASAW, her engines, tackle and appurtenances, *in rem*<br><br>**Defendants** | **Civil No.**<br><br>**In Admiralty;**<br>**Diversity;**<br>**Trial by Jury Demanded** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Jerry Richter, by and through her undersigned counsel, respectfully alleges, states and prays as follow:

**I. JURISDICTION AND VENUE**

**1.** This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C § 1332 as the amount in controversy exceeds $75,000 and plaintiff and the defendants are citizens of different states; under 28 U.S.C.§ 1331 pursuant to the Jones Act 46 U.S.C.

§ 30104; and under 28 U.S.C. § 1333 admiralty and maritime jurisdiction pursuant to the doctrines of unseaworthiness and maintenance and cure.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The claims asserted in this Complaint are based on the conduct of Defendants occurring in this district and, co-defendant Clean Ocean Initiative, Inc. maintains its office(s) and performs its duty(ies) within this district.

### III. THE PARTIES

3. Plaintiff, Jerry Richter, at all relevant times was and still is a resident of San Antonio, Texas.

4. At all relevant times herein Defendant, Clean Ocean Initiative, Inc. ("COI"), is a corporation created and organized under the laws of the Commonwealth of Puerto Rico, with offices in Road 64 #3075, Mani Ward, Mayaguez, Puerto Rico. Upon information and belief, CLI was at all relevant times herein the demise charterer of the CHICKASAW.

5. At all relevant times herein Defendant, Copperline Capital Partners, LLC ("CCP"), is a limited liability company created and organized under the laws of the State of North Carolina, with none of its members being residents or citizens of Texas, with offices in Road 1340 Creekshire Way, Ste 210 Winston Salem, North Carolina, and the owner of the CHICKASAW.

6.   At all relevant times herein Defendant, Autoridad del Puerto de Ponce ("APP"), is a public corporation created by Puerto Rico Act 240 of 2012, as amended, which is separate and independent from the Municipality of Ponce, and in charge of the operations, maintenance and development of the port infrastructure and marine terminals in the Port of Ponce.  23 Laws of P.R. Ann. § 541 et seq.

7.   At all relevant times herein Defendants, Insurers A, B, and C, were and still are insurance companies and/or Protection and Indemnity Clubs, who had issued maintained in full force and effect, at the time of the injuries and damages alleged herein, an insurance policy covering all risk for injuries and accidents that Plaintiff suffered as a result of the defendants' negligence in operating the CHICKASAW and the Port of Ponce.

8.   Fictitiously named Defendants, John and Jane Does, and XYZ Corporations, upon information and belief, are liable for the acts complained of herein, but whose acts and true identities are unknown to the Plaintiffs.  Plaintiffs will request leave of the Court to amend their Complaint to insert the true names of the fictitiously named Defendants when said names are known to the Plaintiffs, and to allege specifically their claims against said Defendants.

9.   Defendant, barge CHICKASAW ("CHICKASAW"), is a vessel documented under the laws of the United States, official number

525459, IMO located within this district or will be within this district during the pendency of this suit.

### III. FACTUAL ALLEGATIONS

10. On or about June 23, 2017, plaintiff was hired by COI and/or CPP to work as the chief engineer of the CHICKASAW while the vessel was located at Morgan City, Louisiana.

11. On or about August 18, 2017, the CHICKASAW was towed to the Port of Mayaguez, Puerto Rico, where COI had its offices.

12. On or about September 6, 2017, the CHICKASAW was towed out to open waters from the Port of Mayaguez due to the passing of hurricane Irma. Plaintiff and the rest of the crew remained on the Island until the hurricane passed and the barged was towed back into the Port of Mayaguez.

13. On or about September 20, 2017, was towed out to open waters from the Port of Mayaguez due to the passing of hurricane María. Plaintiff and the rest of the crew remained on the Island until the hurricane passed and the barged was towed back into the waters of Juana Diaz, Puerto Rico.

14. Soon thereafter, in compliance with an order issued by the US Coast Guard, the CHICKASAW was later transferred to the Port of Ponce.

15. While in the Port of Ponce, plaintiff and the CHICKASAW's crew were working on the barge due to thruster problems.

**16.** On or about December 3, 2017 COI was the owner or owner *pro hac vice* of the CHICKASAW.

**17.** On or about December 3, 2017 COI managed, operated and controlled the CHICKASAW.

**18.** On or about December 3, 2017 COI employed the crew of the CHICKASAW.

**19.** On or about December 3, 2017 COI employed Plaintiff as a seaman and member of the crew of the CHICKASAW.

**20.** On or about December 3, 2017 CCP was the owner or owner *pro hac vice* of the CHICKASAW.

**21.** On or about December 3, 2017 CCP managed, operated and controlled the CHICKASAW.

**22.** On or about December 3, 2017 CCP employed the crew of the CHICKASAW.

**23.** On or about December 3, 2017 CCP employed plaintiff as a seaman and member of the crew of the CHICKASAW.

**24.** On the night of December 3, 2017, plaintiff was performing his duties as chief engineer in the CHICKASAW while docked at the Port of Ponce.

**25.** At the time, the CCP and/or COI decided to only have a skeleton crew of four people, including plaintiff, working on the barge. Plaintiff was ordered by CCP and/or COI to do watch rounds at night, which included tending the mooring lines of the CHICKASAW; in addition to performing his duties as chief engineer.

26. While doing the nighttime watch rounds on the barge, plaintiff noticed that one of the lines tied in the pier next to the barge's bow parted and needed to be replaced.

27. In the performance of his duties and in the exercise of due care and caution, plaintiff disembarked the barge to properly replace the parted line. While doing so, plaintiff fell through a hole on a metal plate on the pier floor and managed to hold on to something which prevented him from falling to the water below. Plaintiff remained hanging and calling for help for close to an hour, to no avail.

28. As a result of the foregoing, plaintiff sustained injuries to his right upper extremity including a fracture in his right arm.

## FIRST COUNT – JONES ACT NEGLIGENCE

29. Plaintiff realleges the allegations contained in paragraphs 1 to 28.

30. Plaintiff's accident and resultant injuries were a result of the defendant's COI and CCP's negligence in failing to provide plaintiff a safe place to work and;

   a. Mooring the CHICKASAW at an unsuitable dock that was damaged and had holes in it.
   b. Failing to timely repair the defects including holes in the dock.

    c. Failing to provide suitable mooring lines that did not part.

    d. Failing to provide adequate lights on the vessel to illuminate the areas of the dock where plaintiff would have to work to secure the vessel's mooring lines.

    e. Failure to warn plaintiff of the dangerous conditions at the dock.

    f. Failure to have a sufficient number of crew.

31. As a result of the negligence stated above plaintiff sustained injuries has incurred medical expenses, loss of earnings pain and suffering and will incur future medical expenses, loss of earnings, earning potential and pain and suffering in an amount of $3,000,000.00.

## SECOND COUNT – UNSEAWORTHINESS

32. Plaintiff realleges the allegation contained in paragraphs 1-31.

33. The lack of proper lines, lights on the vessel, and insufficient number of crew where the direct result of plaintiff accident and subsequent injuries.

34. The lack of the above mentioned equipment and crew rendered the CHICKASAW unseaworthy.

35. The unseaworthy conditions aboard the CHICKASAW were the cause of plaintiff's injuries on the dock, thus falling under the Extension of Admiralty Jurisdiction Act, 46 U.S.C. §30101(a).

As a result of the unseaworthiness of the CHICKASAW plaintiff sustained injuries has incurred medical expenses, loss of earnings pain and suffering and will incur future medical expenses, loss of earnings, earning potential and pain and suffering in an amount of $3,000,000.00.

### THIRD COUNT - NEGLIGENCE AGAINST COI AND CCP

**36.** Plaintiff realleges the allegations contained in paragraphs 1 to 35.

**37.** Upon information and belief neither COI nor CCP are insured employers under the Puerto Rico Workers Compensation Act. 11 Laws of P.R. Ann. § 1 et seq. As such, they are not entitled to employers' or statutory employers' immunity and are liable to plaintiff for the injuries he has suffered.

**38.** As a result of the negligence stated above plaintiff sustained injuries has incurred medical expenses, loss of earnings pain and suffering and will incur future medical expenses, loss of earnings, earning potential and pain and suffering in an amount of $3,000,000.00.

### FOURHT COUNT - MAINTENANCE AND CURE

**39.** Plaintiff repeats the allegations contained in paragraphs 1 to 38.

**40.** Plaintiff's injuries manifested themselves while in the service of the CHICKASAW.

41.   Plaintiff's injuries having manifested themselves while in the service of the CHICKASAW obligated his employer defendants and the vessel to provide him with maintenance and cure until plaintiff reaches maximum medical cure.

42.   Defendants failed to furnish plaintiff with prompt and proper medical and surgical care and medicines; that the plaintiff was forced to remain on board said vessel for a period of time and later discharged and sent home without proper medical and surgical attendance; that during the said time, plaintiff was suffering intense pain and agony and was in need of immediate medical and surgical attendance but was not furnished with medical aid and attendance and was not removed to a hospital for treatment.

43.   Plaintiff has not reached maximum medical improvement.

44.   Defendants have denied plaintiff's request for both maintenance and cure.

45.   Defendants' failure to pay maintenance and cure is willful and callus, subjecting them to liability for consequential damages, resulting from the worsening of his condition due to lack of medical care, attorney's fees and punitive damages pursuant to Atlantic Sounding Co. v. Townsend, 557 U.S. 404 (2009).

46.   As a result of defendants' willful and callous refusal to pay maintenance and cure plaintiff is entitled to maintenance, cure, consequential damage, attorneys fees and punitive damages in an amount to be proven at trial.

**FIFTH COUNT - INADEQUATE MAINTENANCE OF MARINE TERMINAL**

**47.** Plaintiff repeats the allegations in paragraphs 1 to 46.

**48.** The APP is a public corporation entrusted by law with the operation and maintenance of the Port of Ponce.

**49.** Upon information and belief, as part of the agreement between APP, COI and CCP, the APP required that the latter repair the area adjacent to the dock were plaintiff suffered the injuries described herein, but failed to do so.

**50.** At all relevant times herein the APP, COI and CCP failed to maintain the premises adjacent to the pier where the barge was docked.

**51.** As a result of the negligence stated above plaintiff sustained injuries has incurred medical expenses, loss of earnings pain and suffering and will incur future medical expenses, loss of earnings, earning potential and pain and suffering in an amount of $3,000,000.00.

**SIXTH COUNT - DIRECT ACTION**

**52.** Plaintiff realleges the allegations in paragraphs 1 - 51.

**53.** Under Puerto Rico's Direct-Action Statute, the insurer issuing a policy insuring any person against loss or damage through legal liability for bodily injury and damages to a third party, shall become liable whenever a loss covered by the policy occurs. 26 Laws of P.R. Ann., § 2001.

54.  A, B, and C Insurance Companies are liable for the damages herein demanded pursuant to the insurance policy issued for the benefit of Defendants.

### SEVENTH COUNT CHICKASAW – IN REM LIABILITY FOR UNSEAWORTHINESS AND MAINTENANCE AND CURE

55.  Plaintiff realleges the allegations contained in paragraphs 1-54.

56.  Plaintiff has a valid maritime lien over the CHICKASAW for his claims of unseaworthiness and maintenance and cure.

### Jury Trial Demanded

57.  Plaintiff hereby demands a trial by jury on all counts pursuant to <u>Fitzgerald v United States</u> 374 U.S. 16 (1963).

**WHEREFORE**, plaintiff, Jerry Richter, prays that, after due proceedings, there be judgment rendered herein in favor of plaintiff and against defendants jointly and severally in the sum of $3,000,000.00; maintenance and cure in an amount to be proven at trial; consequential damages, attorneys fees and punitive damages in the sum of $2,000,000.00 for failure to pay maintenance and cure, together with equitable relief, pre and posttrial interest.

and That a warrant be issued for the arrest and seizure of the CHICKASAW, that she be seized, condemned, sold at judicial auction and that plaintiff's seaman's lien for unseaworthiness

maintenance and cure be satisfied and given priority over all other liens and claims.

**RESPECTFULLY SUBMITTED** this 30th day of November of 2018.

                                              s/ Alberto J. Castañer-Padró
                                              Alberto J. Castañer-Padró
                                              USDC 225706

                                              **Castañer & Cía PSC**
                                              MAI Center
                                              Marginal Kennedy
                                              771 Cll 1, Ste 204
                                              San Juan, PR 00920-1706
                                              Fax 1 888 227 5728
                                              Tel 787 707 0802
                                              alberto@castanerlaw.com